IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:15CV372 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, OFFICER | ) | |
| KYLER, COUNTY COURT, | ) | |
| NEBRASKA DOUGLAS COUNTY, | ) | |
| and JUDGE BOWIE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles Swift filed his Complaint (Filing No. 1) in this matter on October 13, 2015. Swift alleges in his Complaint that the City of Omaha, Nebraska, has a "widespread practice of (1) issuing bogus search warrants (2) arresting 'niggers' on search warrants in violation of 'Bailey.'" (Filing No. 1 at CM/ECF p. 1.) This case will not proceed to service of process at this time for two reasons.

First, Swift did not submit a request for leave to proceed in forma pauperis. In order for this case to proceed in this court, Swift must either pay the court's $400.00 filing and administrative fees or submit a request for leave to proceed in forma pauperis.

Second, even if the court were to grant Swift leave to proceed in forma pauperis in this case, his allegations are factually unsupported and conclusory. Swift states the City of Omaha has a "widespread practice" of "issuing bogus search warrants," but he offers no facts to support his statement. Even when liberally construed, Swift's claims are simply too vague and conclusory to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

IT IS THEREFORE ORDERED

1. Swift must take the following actions within 30 days in order for this case to proceed in this court: (a) Swift has the choice of either submitting the $400.00 filing and administrative fees to the clerk's office or submitting a request to proceed in forma pauperis, and (b) Swift must file an amended complaint that states a claim upon which relief may be granted. Failure to take these actions will result in the court dismissing this case without further notice to Swift.

2. The clerk of the court is directed to set the following pro se case management deadline: February 23, 2016: check for payment or MIFP and amended complaint.

DATED this 20th day of January, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge