IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHARLES SWIFT, | ) | 8:15CV372 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CITY OF OMAHA, OFFICER | ) | |
| KYLER, COUNTY COURT, | ) | |
| NEBRASKA DOUGLAS COUNTY, | ) | |
| and JUDGE BOWIE, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff Charles Swift's ("Plaintiff") Notice of Appeal (Filing No. 9). The notice was not accompanied by the appellate filing fee. The court finds that pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff may not take this appeal in forma pauperis.

A litigant seeking to appeal a judgment must either pay the required filing fees, *see* Fed. R. App. P. 3(e), or proceed in forma pauperis pursuant to § 1915(a). Section 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." An appellant demonstrates good faith by seeking appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Ellis v. United States*, 356 U.S. 674, 674 (1958).

An appeal is frivolous when none of the legal points are arguable on their merit. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 806 (8th Cir. 2006). And while such a finding should be made only in extreme cases, it is proper when a party attempts to appeal from an order that is clearly not appealable. *See Cohen v. Curtis Publ'g Co.*, 333 F.2d 974, 978-79 (8th Cir. 1964).

The order from which Plaintiff is attempting to appeal—the court's order on initial review (Filing No. 7) dated January 20, 2016—is clearly not appealable. The order does not qualify as a "final decision[]" capable of appeal under 28 U.S.C. § 1291. In addition, the order does not fall within the narrow class of appealable interlocutory orders under § 1292(a). Moreover, it is apparent from the face of the Notice of Appeal that Swift is attempting to prosecute claims on behalf of his nephew and wife. As a non-lawyer, Swift may not represent parties other than himself. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004).

Because Plaintiff is attempting to appeal from an order that is not appealable, the court certifies that the appeal is not taken in good faith.

IT IS THEREFORE ORDERED that:

1. Plaintiff may not proceed on appeal in forma pauperis.

2. The clerk of the court is directed to provide a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

DATED this 27th day of January, 2016.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge